# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| MANILA VICHITVONGSA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-00319 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | JUDGE CAMPBELL |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM</u>

Pending before the Court is Petitioner's Amended Motion (Doc. No. 16) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which is fully briefed. (Doc. Nos. 26, 35). For the reasons stated herein, the Petitioner's Amended Motion (Doc. No. 16) will be **DENIED**.

## I. BACKGROUND

In 2014, a jury found Petitioner guilty of two counts each of conspiring to commit Hobbs Act robbery, 18 U.S.C. § 1951 (Counts 1 and 5), brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2 and 6), conspiracy to possess with intent to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), 846 (Counts 3 and 7), and brandishing a firearm while drug trafficking, 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 4 and 8). *See United States v. Vichitvongsa*, 2025 WL 3786120, at *1 (6th Cir. 2025). On direct appeal, the Sixth Circuit vacated two of Petitioner's § 924(c) convictions but left this Court to determine which of Petitioner's four § 924(c) convictions should be vacated. *See United States v. Vichitvongsa*, 819 F.3d 260, 270 (6th Cir. 2016). On remand, this Court vacated Counts 4 and 8 and imposed an amended aggregate sentence of 619 months in prison. *See id*. Petitioner did not appeal. *Id*.

In 2017, Petitioner moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See id*. This Court granted the motion in part, vacated Counts 2 and 6, and resentenced Petitioner to an aggregate term of 360 months in prison, which the Sixth Circuit subsequently affirmed. *See id*.

## II.    LEGAL STANDARD

Petitioner brings this action pursuant to 28 U.S.C. § 2255, which provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because disposition of Petitioner's claim does not require the resolution of any factual dispute.

## III.    ANALYSIS

Petitioner filed the pending motion under Section 2255 on the grounds that the Hobbs Act conspiracy counts in his Indictment were defective (Counts 1 and 5); he did not receive access to a video recorded confession of a government witness at his trial; and his counsel at resentencing

and on direct appeal from his resentencing rendered ineffective assistance of counsel. Respondent argues Petitioner's claims – except for his ineffective assistance of counsel claim – should be denied for procedural default because he failed to raise them in his appeal. Respondent also argues Petitioner's ineffective assistance of counsel claim fails on the merits.

"An individual in federal custody may not obtain relief under § 2255 with respect to a procedurally defaulted claim." *Witham v. United States*, 97 F.4th 1027, 1031 (6th Cir. 2024) (citing *Reed v. Farley*, 512 U.S. 339, 353–54 (1994)). Such an individual "may avoid a procedural default by offering a sufficient excuse for their failure to timely raise a claim (showing 'cause') and explaining why they would be harmed if they could not belatedly assert it (showing 'prejudice')." *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (citing citation omitted).

Criminal defendants have a constitutional right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Ineffective assistance of counsel can constitute cause for a procedural default, for purposes of pursuing waived claims through a collateral attack under a motion to vacate, set aside or correct sentence. *See Wallace*, 43 F.4th at 602 (citing *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000); *Hall v. Vasbinder*, 563 F.3d 222, 237 (6th Cir. 2009)). "This excuse requires prisoners to show both that an attorney performed incompetently and that this legal malpractice prejudiced them." *Wallace*, 43 F.4th at 602 (citation omitted).

"To establish deficient performance, a petitioner 'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'" *Gilbert v. United States*, 64 F.4th 763, 771 (6th Cir. 2023) (quoting *Strickland*, 466 U.S. at 690). Here, Petitioner identifies his attorneys' advice "that he could only raise issues" pertaining "to the resentencing hearing – and nothing else." (Doc. No. 16 at 3).

As the Government explains in its response, because Petitioner neither appealed the partial denial of his prior Section 2255 petition nor sought authorization from the Sixth Circuit to file a second or successive petition with newly discovered evidence or a retroactively applied new rule of constitutional law, his counsel – both at resentencing and on direct appeal from his resentencing – correctly advised him that he could not raise issues unrelated to his resentencing in either proceeding. (*See* Doc. No. 26 at 11-14). And because Petitioner has failed to show that counsel performed deficiently, he has failed to show cause for procedural default for purposes of pursuing waived claims through the present motion.

## IV.    CONCLUSION

For the reasons stated, Petitioner's Amended Motion (Doc. No. 16) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 will be **DENIED** and **DISMISSED**.

An appropriate order will enter.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE